UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATHANIEL W.,

                            Plaintiff,

      v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                            Defendant.
_____

**DECISION
and
ORDER

19-CV-00794-LGF
(consent)**

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              KELLY LAGA-SCIANDRA, of Counsel
                              6000 Bailey Avenue
                              Suite 1A
                              Amherst, New York 14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York 14202, and

                              HEETANO SHAMSOONDAR
                              Special Assistant United States Attorney, of Counsel
                              Social Security Administration
                              Office of the General Counsel
                              26 Federal Plaza, Room 3904
                              New York, New York 10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

## JURISDICTION

On October 14, 2020, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this Court's June 29, 2018 Standing Order. (Dkt. No. 15). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on December 17, 2019, by Plaintiff (Dkt. No. 7), and on May 15, 2020, by Defendant (Dkt. No. 13).

## BACKGROUND

Plaintiff Nathaniel W. ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Act ("disability benefits"). Plaintiff, born on August 26, 1994 (R. 175), has a ninth grade education, lives alone, and alleges that he became disabled on March 9, 2015, as a result of attention deficit hyperactivity disorder ("ADHD"), anxiety with panic attacks, Asperger's syndrome[2] with social and sensory issues, obsessive compulsive disorder ("OCD") with number fixation, oppositional defiant disorder ("ODD"), pervasive development disorder ("PDD"), depression, and epilepsy with a history of seizures. (R. 179). Plaintiff's disability application was initially denied by Defendant on June 9, 2016 (R. 94), and pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Patricia French

---

[2] Asperger's syndrome is a condition with higher functioning on the autistic spectrum.

2

("Judge French" or "the ALJ") on June 6, 2018, where Plaintiff, represented by Laura Henskee, Esq. ("Ms. Henskee"), appeared and testified. (R. 52-77). Vocational Expert Howard Steinberg ("the VE"), also appeared and testified. (R. 77-84). On April 15, 2019, the Appeals Council denied review of Plaintiff's claim rendered the ALJ's decision the final decision of the Commissioner for judicial review. (R. 1-6). This action followed on June 17, 2020, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On December 17, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 7-1) ("Plaintiff's Memorandum"). Defendant filed, on May 15, 2020, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 13-1) ("Defendant's Memorandum"). On June 5, 2020, Plaintiff filed a reply to Defendant's memorandum ("Plaintiff's Reply"). (Dkt. No. 14). Oral argument was deemed unnecessary.

## FACTS[3]

On July 16, 2015, Joseph Fasanello, M.D. ("Dr. Fasanello"), completed a new patient physical examination on Plaintiff, noted that Plaintiff was previously diagnosed with ADHD, OCD, ODD and anxiety disorder, that Plaintiff reported a significant increase in anxiety with panic attacks that required Plaintiff to seek treatment at the emergency room on several occasions, for chest pain, shortness of breath and chest tightness, and refused to prescribe medication to treat Plaintiff's ADHD because of

---

[3] Taken from the administrative record electronically filed by the Defendant on September 16, 2019. (Dkt. No. 4).

Plaintiff's uncontrolled anxiety.  (R. 321-24).  Dr. Fasanello continued to monitor Plaintiff's anxiety on August 17, 2015 (R. 325-27), and January 7, 2016 (R. 328-30), and referred Plaintiff to psychiatric treatment on April 14, 2016 (R. 331).

On March 7, 2016, Erin Cornelius, Ph.D., ("Dr. Cornelius"), completed an intake assessment on Plaintiff, noted that Plaintiff's speech was pressured, Plaintiff's leg was shaking throughout the evaluation, Plaintiff exhibited clear deficits in his social skills, and reported recent panic attacks both at home and while visiting his brother's house that resulted in chest tightness, difficulty breathing, shaking and caused Plaintiff to black out.  (R. 316-18).  On March 24, 2016, Dr. Cornelius noted that Plaintiff reported an effort to spend time with a friend and go grocery shopping with his mother.  (R. 316).  On April 11, 2016, Dr. Cornelius noted that Plaintiff continued his attempts to leave the house on a daily basis and encouraged Plaintiff to engage in at least one social interaction each day.  (R. 315).  On May 9, 2016, Dr. Cornelius noted that Plaintiff reported checking into his therapy appointment for the first time without his mother's assistance.  (R. 314).

On May 20, 2016, Gregory Fabiano, Ph.D., ("Dr. Fabiano"), completed a consultative psychiatric examination on Plaintiff and evaluated Plaintiff with intact attention and concentration and recent and remote memory skills, average intellectual functioning, fair insight, no limitations to following and understanding simple directions and instructions, independently performing simple maintaining a regular schedule, making appropriate decisions and relating adequately with others.  Dr. Fabiano further opined that Plaintiff had mild-to-moderate limitations to maintaining attention and concentration and a moderate limitation to appropriately dealing with stress.  (R. 342).

4

On July 21, 2018, Christine Ransom, Ph.D., ("Dr. Ransom"), completed a post-hearing adult intelligence examination on Plaintiff, evaluated Plaintiff with average verbal functioning, and lower than average working memory, and opined that Plaintiff had a mild episodic difficulties understanding, remembering and applying complex directions and instructions, regulating emotions, controlling behavior and maintaining well-being, and no difficulty understanding, remembering and applying simple directions and instructions, using reasoning and judgment to make work-related decisions, interacting appropriately with supervisors, co-workers and the public, sustaining concentration to perform a task at a consistent pace, an ordinary routine, and regular attendance at work, maintaining personal hygiene, and being aware of normal hazards in the workplace.   (R. 394-96).

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error.  *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

A.   **Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence requires enough evidence that a

5

reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, or if the defendant fails to meet its burden at the fifth step, the inquiry ceases and the claimant is eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[5] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F. Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past

---

[5] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In this case, the ALJ determined that Plaintiff has the severe impairments of anxiety, OCD, unspecified anxiety disorder, ADHD, panic disorder, unspecified depression disorder, that Plaintiff's Asperger's syndrome, ODD and PDD are not severe, Plaintiff's impairments do not meet or medically equal a listed impairment, and that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels with limitations to simple, routine, repetitive tasks, visual or oral work instructions, no interaction with the general public, occasional interaction with supervisors and co-workers, and the ability to be off-task up to ten percent of each workday in addition to regularly scheduled breaks. (R. 18-21). The ALJ further

8

determined that Plaintiff has no past relevant work and that jobs exist that a person of Plaintiff's age, educational background and residual functional capacity would be capable of performing include the occupations of kitchen helper, packer, and hotel cleaner.  (R. 24-25).

## B. Residual functional capacity

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv) and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training.  *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).  To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities.  *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981).  Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities."  *Id*.   An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294*.*  In addition, the Commissioner must establish that the claimant's skills

9

are transferrable to the new employment if the claimant was employed in a "semi-skilled" or "skilled" job.  *Id.* at 294.  This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy.  *Id.* at 296.  The Second Circuit requires that "all complaints . . . must be considered together in determining . . . work capacity."  *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 937 (2d Cir. 1984).

Plaintiff alleges that the ALJ's residual functional capacity assessment of Plaintiff is erroneous as the ALJ while affording significant weight to findings set forth in Dr. Fabiano's consultative examination (R. 23), failed to consider the portion of Dr. Fabiano's opinion regarding Plaintiff's mild-to-moderate limitation to maintaining attention and concentration and moderate limitation to Plaintiff's ability to deal with stress.  Plaintiff's Memorandum at 11-17.  Defendant maintains that the ALJ provided sufficient reasons for affording significant weight Dr. Fabiano's findings, and that the non-exertional limitations included in Plaintiff's residual functional capacity assessment of Plaintiff adequately account for Plaintiff's mild-to moderate ability to maintaining attention and concentration and moderate limitation to deal with stress in the workplace. Defendant's Memorandum at 17-22.  Defendant's motion is without merit.

In this case, the ALJ afforded significant weight Dr. Fabiano's consultative opinion (R. 340-42), determining Dr. Fabiano's opinion was consistent with Dr. Fabiano's examination, the record as a whole and findings in Dr. Ransom's post-hearing intelligence examination.  (R. 23-24).

Social Security Rule ("SSR") 85-15 ("SSR 85-15"), Titles II and XVI: Capability to do Other Work – The Medical-Vocational Rules as a Framework for Evaluating Solely

10

Non-Exertional Impairments, 1985 WL 56857, at *5-6 (S.S.A. Jan. 1, 1985), emphasizes the ALJ's responsibility to carefully evaluate a claimant's ability to deal with stress in the workplace, and determine whether a mentally impaired individual has the ability to adapt to the stress-related demands of work.  See SSR 85-15.  "When determining whether mentally impaired individuals will be able to adapt to the stress-related demands of the workplace, the ALJ is required to make a thorough, individualized RFC evaluation, focusing on the individual's ability to 'understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.'" *Reyes v. Colvin*, 2016 WL 56267, at *5 (W.D.N.Y. Jan. 5, 2016) (quoting SSR 85-15 at *4).

Because stress is highly individualized, mentally impaired individuals may have difficulty meeting the requirements of even so-called low-stress jobs, and the ALJ must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and those factors that affect his or her ability to work. *Collins v. Colvin*, 2016 WL 5529424, at *3 (W.D.N.Y. Sept. 30, 2016) (internal citations omitted).  ALJs are thus required to specifically analyze and inquire into a claimant's ability to manage stress, *id.* at 8, and a failure to explain or account for stress limitations in a claimant's residual functional capacity assessment, particularly when opined by an acceptable medical source given great weight, is an error that requires remand to comply with this requirement.  See *Cooley v. Berryhill*, 2017 WL 3236446, at *12 (W.D.N.Y. July 31, 2017); *see also Booker v. Colvin*, 2015 WL 4603958, at *3 (W.D.N.Y. July 30, 2015) ("Given the evidence outlined . . . and the considerations articulated in SSR 85-15, this Court finds that the ALJ's failure to explain the 'low-stress'

limitations in the [mental residual functional capacity assessment] is an error that requires remand.'") (bracketed material added). "Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments." *Welch v. Chater,* 923 F. Supp. 17, 21 (W.D.N.Y. 1996). "ALJ[s] [are therefore] required to specifically inquire into and analyze a claimant's ability to manage stress." *Collins,* 2016 WL 5529424, at *3. Notably, in some instances, a residual functional capacity assessment that limits a claimant to occasional interaction with co-workers and the public, and the performance of simple, routine tasks, may sufficiently account for a claimant's stress limitations. *See Ridosh v. Berryhill*, 2018 WL 6171713, at *4 (W.D.N.Y. Nov. 26, 2018); *see also Moxham v. Commissioner of Social Security,* 2018 WL 1175210, at *10 (N.D.N.Y. Mar. 5, 2018) (RFC limiting plaintiff to simple tasks and instructions, decisions on simple work-related matters, and frequent interaction with others adequately accounts for plaintiff's stress-related limitations). In this case, however, the ALJ's residual functional capacity assessment limiting Plaintiff to simple, independent, routine, repetitive tasks, with no interaction with the public, occasional interaction with supervisors and co-workers, and the ability to be off-task up to ten percent of each day, does not sufficiently account for Dr. Fabiano's findings that Plaintiff has a mild-to-moderate limitation to maintaining attention and concentration and moderate limitation to appropriately dealing with stress. (R. 341).

Significantly, the Plaintiff in this case testified that his ability to concentrate was "hardly there," he had difficulty concentrating on everything in daily life, was unable to complete daily chores because of his poor concentration (R. 69), that the stress

associated with going to the grocery store caused him to completely shut down and required him to return to his mother's car, he was unable to go anywhere by himself, and had not attended a family gathering in more than three years because it was too stressful. (R. 69-72). The severity of Plaintiff's limited capacity to cope with stress is further highlighted by the fact that Dr. Fasanello refused to prescribe medication to treat Plaintiff's ADHD because Plaintiff's anxiety was uncontrolled, (R. 321-24), a fact not disputed by Defendant. On April 11, 2106, Dr. Cornelius encouraged Plaintiff to leave his house and engage in one social interaction on a daily basis (R. 315), and on May 9, 2016, noted Plaintiff's progress checking into his therapy appointment for the first time without his mother's assistance. (R. 314). Moreover, the ALJ did not challenge the extent of Plaintiff's description of the extent of his chronic stress as exaggerated. (R. 22). The foregoing evidence supports Dr. Fabiano's opinion that Plaintiff has a mild-to-moderate limitation to maintaining attention and concentration and moderate limitation to dealing with stress, limitations that require specific consideration by the ALJ in Plaintiff's residual functional capacity and the ALJ's discussion of Plaintiff's ability to work. *See Cooley,* 2017 WL 3236446, at *11 (remand required where residual functional capacity limiting plaintiff to simple, routine, repetitive tasks, no interaction with the public, occasional interaction with supervisors and co-workers neither addresses or accounts for plaintiff's stress limitations afforded great weight by the ALJ). The ALJ's residual functional capacity analysis that fails to include any limitations as articulated in Dr. Fabiano's opinion resulting from Plaintiff's impaired ability to maintain attention and concentration and deal with stress, is thus without support of substantial evidence and requires remand. *Id.*

Upon remand, the ALJ should include a detailed discussion regarding Plaintiff's limitations to maintaining attention and concentration and ability to manage stress in the ALJ's residual functional capacity assessment of Plaintiff and, if required, elicit additional testimony from a vocational expert regarding suitable work available for Plaintiff that includes Plaintiff's revised residual functional capacity.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. No. 7) is GRANTED; Defendant's motion (Dkt. No. 13) is DENIED, and the matter is REMANDED for further proceedings consistent with this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   February 5, 2021
         Buffalo, New York